UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERNON LEROY BARKER,

         Plaintiff,

    v.

RICHARD WEISS, et al.,

         Defendants.

No.  2:19-cv-0463 AC P

ORDER

I.    Introduction

    Plaintiff is a state prisoner at Mule Creek State Prison (MCSP), under the authority of the California Department of Corrections and Rehabilitation (CDCR).  Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and a request to proceed in forma pauperis.

    This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).  For the reasons set forth below, the undersigned grants plaintiff's application to proceed in forma pauperis and accords plaintiff the choice of either proceeding on his original complaint against defendants Khashchuk, Olsen and Weiss, while dismissing defendant Smith, OR filing a First Amended Complaint.

////

////

1

II.     In Forma Pauperis Application

Plaintiff has submitted an affidavit and his prison trust account statement that make the showing required by 28 U.S.C. § 1915(a).  See ECF No. 2.  Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action with periodic deductions from his prison trust account.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

III.    Screening of Plaintiff's Complaint

A.      Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

2

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u> at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."" <u>Iqbal</u> at 678 (quoting <u>Twombly</u> at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> (citing <u>Twombly</u> at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief.""" <u>Id.</u> (quoting <u>Twombly</u> at 557).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."" <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). <u>See also</u> Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. Plaintiff's Allegations

Plaintiff alleges that the failure of defendants to treat his broken left index finger caused permanent damage: "I now have a deformity, I cannot grip or hold anything. The finger points downward. It affects a lot of my everyday living due to the pain, damage, and loss of use." ECF No. 1 at 3. Plaintiff alleges that he has "suffered extreme distress, pain, anxiety, anger, lack of sleep, and disfigurement." <u>Id.</u> at 4.

Plaintiff alleges that he presented his broken finger ("swollen, painful [and] broken") first to defendant LVN Khashchuk on the morning of June 9, 2018, but she "turned me away & denied me help;" she "ignored [me] and told me there was nothing she could do." <u>Id.</u> at 3-4. Thereafter, defendant "RN Olsen filed her report saying everything is looking good; everything is healing nice and straight when by broken left index finger is actually bent at a pronounced angle with

extreme pain and total loss of use. She falsely promised X-ray several times and finally said there was nothing she could do for me." Id. at 3. Plaintiff further alleges that defendant "Dr. Weiss, as my primary care physician, never got me an X-ray until a month after the incident. By the time I saw the orthopedic surgeon, the improperly healed finger is deformed, bent at an angle, with total loss of use. Dr. Weiss acknowledged also that it was broken but said that it has healed and there was nothing he could do." Id. Plaintiff seeks surgical correction of his finger and compensatory and punitive damages. Id. at 6.

C.    Analysis

**The court finds these allegations sufficient to state Eighth Amendment claims against defendants Khashchuk, Olsen and Weiss for deliberate indifference to plaintiff's serious medical needs.** "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (internal citations, punctuation and quotation marks omitted). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay or intentionally interfere with medical treatment.'" Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)). To state a claim for deliberate indifference to serious medical needs, a prisoner must allege that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

"In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong ... is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks

4

omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

**However, under these legal standards, plaintiff's allegations against defendant Smith do not state a cognizable claim.** Plaintiff alleges: "Dr. Smith is the chief physician & surgeon in charge of medical care here and he approved everything that transpired as described that violated my rights to medical care." ECF No. 1 at 3. In light of the alleged failure of the other named defendants to recommend adequate treatment for plaintiff, the allegations against Dr. Smith do not support a reasonable inference that he, as a supervisor, was aware of plaintiff's injury or treatment needs. Absent such awareness, it cannot be inferred that Dr. Smith "knew of and disregarded" an excessive risk to plaintiff's health, Farmer, 511 U.S. at 837, or purposefully failed to respond to plaintiff's serious medical needs, Jett, 439 F.3d at 1096.

A supervisor may be liable under Section 1983 only if "there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (citation omitted). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a specific defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371 (1976).

The complaint attempts to identify two putative Eighth Amendment claims based on the same factual allegations: deliberate indifference to plaintiff's serious medical needs and intentional infliction of emotional distress. However, the alleged intentional infliction of emotional distress does not, standing alone, state a cognizable federal claim. While appropriate

allegations may support an independent state law tort claim,[1] the undersigned construes plaintiff's allegations of emotional distress in this action not as a separate claim but as factors relevant to the assessment of damages under plaintiff's Eighth Amendment deliberate indifference claim. As a prisoner, plaintiff may not obtain compensatory damages based on mental or emotional injury alone, without a showing of physical injury. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). "[F]or all claims to which it applies, 42 U.S.C. § 1997e(e) requires a prior showing of physical injury that need not be significant but must be more than de minimis." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) (fn. omitted). Hence, plaintiff's allegations of both physical and emotional injuries based on the same facts state only one cognizable Eighth Amendment claim.

Subject to these considerations, plaintiff will be provided the choice between (1) proceeding on his original complaint against defendants Khashchuk, Olsen and Weiss, as construed herein, and dismissing defendant Smith, OR (2) filing an amended complaint that attempts to add a cognizable claim against Smith.

### IV. Summary for Pro Se Plaintiff: Option to Proceed on Complaint or File FAC

Your complaint states potentially cognizable Eighth Amendment claims for deliberate indifference to your serious medical needs against defendants Khashchuk, Olsen and Weiss, for whom service of process is currently appropriate. Your complaint as framed does not state a cognizable claim against defendant Smith.

You must decide whether you want to: (1) proceed with your original complaint against defendants Khashchuk, Olsen and Weiss, and dismiss defendant Smith, OR (2) proceed with a proposed First Amended Complaint (FAC) that attempts to allege a cognizable claim against

---

[1] "The elements of a prima facie case of intentional infliction of emotional distress are (1) outrageous conduct by the defendant, (2) intent to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering and (4) actual and proximate causation of emotional distress." Bartling v. Glendale Adventist Medical Center, 184 Cal. App. 3d 961, 970 (1986) (citation omitted). "Outrageous conduct" is "conduct which is so extreme as to exceed all bounds of decency and which is to be regarded as atrocious and utterly intolerable in a civilized community." Id. (citation and internal quotation marks omitted).

defendant Smith, and restates your cognizable claims against defendants Khashchuk, Olsen and Weiss.

A proposed FAC will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); see Local Rule 220. An amended complaint must identify each claim and allege in specific terms how each defendant violated plaintiff's constitutional rights, demonstrating an affirmative link or connection between each defendant's challenged conduct and the claimed deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."). A FAC will be screened pursuant to the standards set forth in 28 U.S.C. § 1915A.

You are not obligated to file a FAC. You will be directed to indicate your choice on the form provided with this order. Within thirty (30) days, you must fill out and return the attached election form telling the court how you want to proceed. If you elect to proceed on your original complaint against only defendants Khashchuk, Olsen and Weiss, you will later be required to submit the information necessary for the United States Marshal to serve process on these defendants.

V.    Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. **Within thirty (30) days after service of this order**, plaintiff shall complete and return the attached "Notice of Election," indicating whether he chooses to proceed on his original complaint, as construed herein, OR file a First Amended Complaint (FAC).

7

4. Failure of plaintiff to timely respond to this order will result in the dismissal of this action without prejudice.

DATED: April 22, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9

10

11                          UNITED STATES DISTRICT COURT

12                      FOR THE EASTERN DISTRICT OF CALIFORNIA

13

14    VERNON LEROY BARKER,                         No.  2:19-cv-0463 AC P

15                    Plaintiff,

16          v.                                      **<u>NOTICE OF ELECTION</u>**

17    RICHARD WEISS, et al.,

18                    Defendants.

19

20          In compliance with the court's order filed _____, plaintiff elects to:

21

22    _____    **<u>Option 1</u>**:  Proceed on the original complaint on plaintiff's claims against
      defendants Khashchuk, Olsen and Weiss; and request the dismissal of defendant Smith.

23

24                                                **<u>OR</u>**

25    _____    **<u>Option 2:</u>**  Proceed on a proposed First Amended Complaint (FAC),
      submitted herewith.

26

27

28    _____          _____
      Date                                      Plaintiff