UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON LEROY BARKER,<br><br>        Plaintiff,<br><br>    v.<br><br>RICHARD WEISS, et al.,<br><br>        Defendants. | No. 2: 19-cv-0463 JAM AC P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On October 9, 2019, a settlement conference in this action was held before the undersigned. This action settled. On December 2, 2019, the court received a letter from plaintiff regarding the settlement conference. The undersigned addresses this letter herein.

In the December 2, 2019 letter, plaintiff states that it was his understanding that following the settlement conference, defendants agreed to send plaintiff to a specialist for evaluation for his deformed finger in order to determine whether surgery was required. Plaintiff states that it was his understanding that defendants were not simply to send plaintiff to a primary care physician to have his deformed finger evaluated. Plaintiff requests that the court order defendants to send him to a specialist.

Following the settlement conference, the undersigned discussed the terms of the settlement on the record in court with the parties. At this hearing, the undersigned stated that in

light of plaintiff's problem with his finger, defense counsel and the undersigned recommended that plaintiff's institution refer plaintiff for an outside orthopedic consultation. The undersigned stated that plaintiff's institution was required to file a response with the court within 21 days either agreeing that plaintiff required this consultation or setting forth the reasons the consultation was not medically necessary, as well as who reviewed plaintiff's medical records and made this determination. The undersigned stated that if the institution decided that a consultation was not medically necessary, plaintiff was bound by that determination. The undersigned also stated that the court was bound by the institution's determination regarding whether an orthopedic consultation was medically necessary, assuming that the determination was made by appropriate medical personnel. At the hearing, plaintiff indicated that he understood this term of the settlement.

On October 30, 2019, defendants filed, under seal, a letter from the Mule Creek State Prison ("MCSP") Chief Medical Executive addressing whether an orthopedic consultation was needed for plaintiff. This letter states that MCSP medical personnel determined that an orthopedic consultation is not medically indicated at this time.

Plaintiff's claim in his December 2, 2019 letter that the settlement agreement required defendants to send him for an orthopedic consultation is incorrect. Pursuant to the terms of the settlement agreement, both plaintiff and the undersigned are bound by the determination made by MCSP medical personnel that an orthopedic consultation is not medically indicated for symptoms related to plaintiff's left index finger at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's concerns regarding the terms of the settlement contained in his December 2, 2019 letter are deemed resolved.
2. Defendants are directed to send plaintiff a copy of the letter filed October 30, 2019.

Dated: December 12, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Bark463.ord